## APPEAL OF COLLINS & WHEELAND, INC.

Docket Nos. 2293 and 2294.  Submitted June 18, 1925.  Decided September 30, 1925.

*Frank I. Ford, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of deficiencies in income and profits taxes for the calendar years 1918 and 1919 in the respective amounts of $215.42 and $1,667.79, a total deficiency of $1,883.21. The question at issue is whether the taxpayer is entitled to a deduction for obsolescence of good will claimed to have a value of $25,000 as of March 1, 1913.

FINDINGS OF FACT.

1. The taxpayer is a California corporation with its principal place of business at San Francisco.

2. During 1905, and for many years prior thereto, a partnership known as Collins & Wheeland conducted a saloon in San Francisco, and in connection therewith operated a free-lunch counter and also sold steaks and chops.

3. In the latter part of 1905, E. G. Rodolph, acting for himself and others, entered into negotiations with S. M. Collins, the surviving member of the partnership, for the purchase of the business of Collins & Wheeland. During the course of the negotiations it was discovered that the lease on the premises occupied by Collins & Wheeland was about to expire. Collins secured a lease in his own name for a period of five years and upon resumption of negotiations demanded $15,000 for the lease.

4. In January, 1906, the taxpayer, Collins & Wheeland, Inc., was organized with a capital of $40,000, divided into 4,000 shares of stock having a par value of $10 each, all of which was subscribed for and paid for in cash.

5. During the same month Rodolph purchased the business and assets of the partnership, including the five-year lease, for $38,000 cash.

6. The business was conducted by the taxpayer in the same manner as it had been by the partnership until April 18, 1906, when it was destroyed by fire. It was reopened in 1908 on the same location and conducted in the same manner as it had been previously until July 1, 1919.

7. In a suit brought by the administratrix of the estate of Wheeland, in which S. M. Collins was joined as a defendant, the Superior Court of the City and County of San Francisco, in a judgment rendered November 27, 1908, held that the sum of $15,000 which had been paid by Rodolph to Collins individually for the five-year lease was " in fact part of the selling price of said business, including said leasehold interest."

8. In March, 1909, John Farley purchased from Rodolph 1,000 shares of the capital stock of the taxpayer for $10,000.

9. In the taxpayer's balance sheets for the years ended December 31, 1909, 1910, 1911, and 1912, there appear the items " Good will, $10,000," and " Leases, $15,000."

10. On July 1, 1919, the War Prohibition Act became effective, and the taxpayer discontinued the saloon business. It continued the operation of its restaurant and added new equipment thereto. The net profits from 1908 to 1912 were: 1908, loss of $3,891; 1909, gain of $3,201.47; 1910, gain of $4,476.16; 1911, gain of $4,931.18; and

1912, gain of $6,489.47. In 1920 the taxpayer sustained a net loss of $40.25.

11. During the period January, 1906, to December 31, 1919, the taxpayer paid dividends in the amount of $71,600.

12. On December 16, 1920, John E. Tobin purchased all the capital stock of the taxpayer for $12,500.

### DECISION.

The determination of the Commissioner is approved.

ARUNDELL not participating.